UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| **TIP TOP TUX, LLC**, *et al.* | ) | CASE NO. **23-57716-JRS** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Jason L. Pettie, the Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of Tip Top Tux, LLC, Heights, Inc., Tuxedo Holdings, Inc., Tuxedo Holdings MIN, Inc., Suit Up, Inc., Xedo, Inc., and Tuxdo Holdings CLE, Inc. (collectively, the "**Debtors**") has filed his *Omnibus Motion of the Chapter 7 Trustee for Entry of an Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases Nunc Pro Tunc to the Date of the Rejection Motion and (B) the Abandonment of any Remaining Property at the Rejected Locations, and (II) Granting Related Relief* (the "**Motion**"), seeking to reject certain unexpired leases for the Debtors' retail location and to abandon personal property remaining at such location.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **10:30A.M.** on **November 2, 2023**, in **Courtroom 1404,** United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room.  You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, [www.ganb.uscourts.gov](www.ganb.uscourts.gov), or the link on the judge's webpage, which can also be found on the Court's website.  Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise.  Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

{02662909-1 }

Your rights may be affected by the Court's ruling on this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the Court to grant the relief sought in this pleading or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Suite 1340 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

TAYLOR ENGLISH DUMA LLP
*Attorneys for Trustee*

Dated: October 12, 2023

By: */s/ Jason L. Pettie*
Jason L. Pettie
   Georgia Bar No. 574783
1600 Parkwood Circle, SE
Suite 2100
Atlanta, Georgia 30339
Telephone: 770-434-6868
Email: jpettie@taylorenglish.com

{02662909-1 }

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| **TIP TOP TUX, LLC**, *et al.* | ) | CASE NO. **23-57716-JRS** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OMNIBUS MOTION OF THE CHAPTER 7 TRUSTEE FOR
ENTRY OF AN ORDER (I) AUTHORIZING (A) THE REJECTION OF CERTAIN
UNEXPIRED LEASES *NUNC PRO TUNC* TO THE DATE OF THE REJECTION
MOTION AND (B) THE ABANDONMENT OF ANY REMAINING PROPERTY AT THE
REJECTED LOCATIONS, AND (II) GRANTING RELATED RELIEF**

---

***ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME AND ITS
REJECTED LEASE IDENTIFIED ON THE ATTACHED EXHIBIT B***

---

COMES NOW Jason L. Pettie, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates

(the "**Estates**") of Tip Top Tux, LLC, Heights, Inc., Tuxedo Holdings, Inc., Tuxedo Holdings MIN,

Inc., Suit Up, Inc., Xedo, Inc., and Tuxdo Holdings CLE, Inc. (collectively, the "**Debtors**"), and

hereby files this motion (the "**Motion**"), seeking the entry of an order, substantially in the form

attached hereto as Exhibit A (the "**Proposed Order**"), authorizing Trustee (i) to reject certain

leases of non-residential real property, and (ii) to abandon certain personal property.  In support of

the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Determination of this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  Venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).  The statutory predicates for the actions

contemplated herein are Sections 105, 365(a) and 554(a) of the United States Bankruptcy Code,

11 U.S.C. §§ 101 et seq. as amended (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy

Procedure 2002, 6006(a) and 9014.

{02662909-1 }

## **BACKGROUND**

2.     On August 11, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

3.     Debtor Tip Top Tux, LLC is the parent company which owns all of the other debtors in this case which is being jointly administered for procedural purposes pursuant to this Court's order entered on August 25, 2023.[1]

4.     On August 14, 2023, Trustee was appointed to the Case as the interim Chapter 7 trustee pursuant to 11 U.S.C. § 701(a)(1).  A meeting of creditors was held telephonically and concluded on September 13, 2023, in accordance with § 341(a) of the Bankruptcy Code, after which time, Trustee became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d).

5.     Prior to the Petition Date, the Debtors operated bridal and formalwear businesses, selling and renting formalwear and accessories through multiple retail store locations.

6.     The Debtors' business operations spanned over 60 retail stores in multiple jurisdictions throughout the United States.

7.     Following his appointment in these cases, Trustee, with the assistance of his professionals, commenced an evaluation of the Debtors, their businesses and the Debtors' assets and liabilities.  As part of that evaluation, the Trustee determined that the Debtors' portfolio of unexpired non-residential real property leases (the "**Leases**") (in which the Debtors leased real property) are of no value to and/or are burdensome to the Estates, particularly given the lack of any operations.

---

[1] Tip Top Tux, LLC, a Delaware limited liability company, owns debtor Suit Up, Inc., a Delaware corporation, and debtor Tuxedo Holdings, Inc, a Delaware corporation, which owns debtor Tuxedo Holdings MIN, Inc., a Delaware corporation, debtor Tuxedo Holdings CLE, Inc., a Delaware corporation, and Heights, Inc., a Delaware corporation.

{02662909-1 }

8.       As noted above, the Debtors are party to several Leases, and the Trustee seeks to reject, *nunc pro tunc* to the date of this Motion (the "**Motion Date**"), the Leases (the "**Rejected Leases**") for essentially all of the Debtors' retail locations (the "**Rejected Locations**").  A list of the Rejected Leases is set forth in the attached <u>Exhibit B</u>.  Indeed, the Trustee has determined, in the exercise of his business judgment, that rejection is the only viable, rational and responsible approach for the disposition of the Rejected Leases.  With no business operations and no unencumbered cash currently available to the Trustee, it is simply not feasible to further evaluate and market the Leases, while incurring potential administrative rent obligations.

9.       Moreover, given the sudden closing and cessation of the Debtors' businesses, the Debtors did not remove any personal property from their leased locations.  Based on discussions with former members of the Debtors' senior management and a review of the several locations by Trustee and his employed professionals, Trustee has determined that the personal property has *de minimis* value to the Estates, and that moving and/or storing such property would be prohibitively expensive relative to its value.  Within the retail locations, the Debtors' property generally consisted of several sample suits and tuxedos, along with formalwear accessories, display equipment such as racks and mannequins, steam irons, office equipment, furnishings and fixtures  (collectively, the "**Remaining Property**").

10.      Accordingly, except for the limited exceptions as noted below, Trustee requests the Court's approval to abandon any Remaining Property at the underlying leased locations.  The Trustee understands the Debtors' senior secured lenders[2] do not oppose the abandonment of the Remaining Property.

---

[2] The Debtors' senior secured lender refers to PMOF Special Situations Private Credit Fund LLC ("**PMOF**"), as Agent for PMOF and Industrial Lending 1 SA (collectively, the "**Secured Lenders**").  The Secured Lenders appear to hold a properly-perfected first priority lien on all of the Debtors' personal property, other than the Debtors' vehicles, as evidenced by that certain UCC Financing Statement recorded

## **RELIEF REQUESTED**

### I.   REJECTION OF LEASES

11.     By this Motion, the Trustee requests the entry of an order pursuant to Bankruptcy Code sections 365(a), 105(a) and 554(a) authorizing and approving (i) the Trustee's rejection of the Rejected Leases *nunc pro tunc* to the Motion Date, and (ii) abandonment by the Trustee of the Remaining Property at the Rejected Locations as of the Motion Date.

**Rejection of the Leases as an Exercise of Trustee's Sound Business Judgment**

12.     Section 365 of the Bankruptcy Code provides in pertinent part:

(a) Except as provided in section 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

13.     The assumption or rejection of an unexpired lease by a debtor-in-possession or trustee is subject to judicial review under the business judgment standard. *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp*., 872 F.2d 36, 39-40 (3d Cir. 1989); *In re Fed. Mogul Global, Inc*., 293 R. 124, 126 (D. Del. 2003). If such business judgment has been reasonably exercised, the court should approve the proposed assumption or rejection. *See NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984). Generally, a court will approve a debtor's or trustee's business decision unless the decision is the product of bad faith, whim or caprice. *Fed. Mogul*, 293 B.R. at 126; *In re G. Survivor Corp*., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (holding that "[i]n determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business

---

August 7, 2019 with the Delaware Department of State (as the Debtors are incorporated in the State of Delaware).  The Secured Lenders are owed a balance in excess of $79,000,000.00 according to the Debtors' schedules.

judgment test. Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered").

14.    Trustee has determined, in his business judgment, that rejection of the Leases (and, specifically, the Rejected Leases) is reasonable and necessary.  That determination resulted from careful consideration of factors that included the respective benefits and costs related to the Rejected Leases and the practical realities of these cases. The Trustee also believes any benefit that may be realized by attempting to identify a potential party (or parties) to acquire the Rejected Leases would likely be substantially outweighed by the cost of maintaining the Rejected Leases and would serve as a hindrance to his administration of these Estates.

15.    As such, the Trustee believes that accruing potential administrative expenses on account of the Rejected Leases will not offer any additional value to the Estates and, thus, immediate rejection of the Rejected Leases is appropriate to relieve the burden thereon. In this context, the Trustee, in his sound and reasonable business judgment, believes that the Rejected Leases are no longer necessary for the Debtors' businesses (and, by definition, they are not necessary to the operation of those businesses as the Trustee is not authorized to operate, and he has no intention of seeking any such authorization under section 721 of the Bankruptcy Code), and that rejecting the Rejected Leases is in the best interests of the Estates, creditors and all stakeholders.

### *Nunc Pro Tunc* Rejection is Appropriate

16.    Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a). Courts have authorized rejection of executory contracts and unexpired leases, including retroactive rejections, based on the equities under the circumstances. *See In re Chi-Chi's, Inc*., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion

is filed after balancing the equities in a particular case); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that "rejection has been allowed *nunc pro tunc* to the date the [m]otion is filed or the premises is surrendered ...."); *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when that balance of equities preponderates in favor of such remediation"); *New Valley Corp. v. Corp. Prop. Assocs. (In re New Valley Corp.)*, No. 98-982, 2000 WL 1251858, at *16 (D.N.J. Aug. 31, 2000) (finding that equities weighed in favor of retroactive rejection to the date the debtor allowed a lessor to resume control of the property).

17.    To avoid incurring additional obligations under the Rejected Leases, the Trustee seeks to reject the Rejected Leases as of the Motion Date. The Trustee has done all that is required for rejection of the Rejected Leases *nunc pro tunc* to such date. Specifically, prior to or concurrent with the date of this Motion, the Debtors ceased their operations at the Rejected Locations (and, in fact, the Debtors ceased operations no later than the Petition Date), the Trustee unequivocally surrendered the premises and provided actual or constructive notice of his intent to reject the Rejected Leases to the applicable Landlords (and lest there be any doubt, this Motion shall serve as an unequivocal statement of the Trustee's surrender of the underlying premises that are the subject of the Rejected Leases). In addition, the Trustee will serve notice of this Motion by first class mail on the date it is filed to each of the applicable Landlords, and provide Landlords (if available), with the applicable lock box code such that the keys can be accessed.  Finally, and critically, the Trustee also acknowledges that he will not withdraw this Motion.

18.    Based upon the foregoing facts and circumstances, the Trustee submits that *nunc pro tunc* rejection of the Rejected Leases is supported by the equities of these chapter 7 cases, that

rejection of the Rejected Leases is supported by his sound business judgment and that rejection is necessary, prudent and in the best interests of the Estates, creditors, and other partiesin-interest.

## II.    ABANDONMENT OF PERSONAL PROPERTY

19.    To the extent that any Remaining Property remains at any of the Rejected Locations, the Trustee requests that this Court approve the abandonment of that property pursuant to section 554(a) of the Bankruptcy Code.

20.    A trustee "may abandon any personal property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant here.

21.    Trustee submits that the Remaining Property is of inconsequential value or is otherwise burdensome to the Estates to remove from the Rejected Locations. Among other things, the Trustee believes that the cost of retrieving, marketing and reselling the Remaining Property outweighs any recovery that Estates could reasonably hope to attain for such Remaining Property. As a result, Trustee has determined in his business judgment that abandonment of the Remaining Property, effective as of the Motion Date, is necessary and in the best interests of the Estates, creditors and all stakeholders.  Moreover, the Trustee understands the Secured Lenders do not oppose the abandonment of the Remaining Property.

22.    Because the Lenders do not oppose the relief sought herein (including the abandonment of the Remaining Property), and because the Lenders will not seek to enforce their liens on and security interests in the Remaining Property, the Trustee respectfully requests that any Order granting the relief requested herein provide that the Landlords are and shall be free to dispose

{02662909-1 }

of the Remaining Property in their sole and absolute discretion without further notice or liability to any party.

### III.    THE REJECTION OF THE REJECTED LEASES SATISFIES DUE PROCESS

23.    The counterparties to the Rejected Leases will not be prejudiced by the relief sought herein because such counterparties will have received advance notice of the Trustee's intent and unequivocal decision to reject their respective Lease. *See, e.g., In re Mid Region Petrol., Inc*., 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc*., 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject).

24.    Moreover, procedural due process will be accorded all Landlords. As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease ... is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that: "In a contested matter ..., not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances")

25.    Pursuant to Bankruptcy Rule 6006(f), a debtor or trustee may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). *See* Fed. R. Bankr. P. 6006(f). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired

leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    (1)    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    (2)    list parties alphabetically and identify the corresponding contract or lease;

    (3)    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    (4)    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    (5)    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    (6)    be limited to no more than 100 executory contracts or unexpired lease

Fed. R. Bankr. P. 6006(f).

26.    The purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the contracts or leases while conserving estate resources. Counterparties must be able to locate their contracts and readily determine whether their contracts are being rejected.

27.    This Motion satisfies Bankruptcy Rule 6006(f).  Furthermore, given the substantial number of Leases Trustee is seeking to reject, obtaining Court approval of each rejection would impose unnecessary administrative expenses on the Trustee, the Estates and the Court, and result in costs that may decrease the economic benefits of rejection.

28.    Nothing contained in this Motion or any actions taken by the Trustee pursuant to relief granted in the order is intended or should be construed as: (a) an admission as to the validity, priority or amount of any particular claim against a Debtor entity; (b) a waiver of the Trustee's or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation

{02662909-1 }

of the Trustee's or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a waiver of any claims the Debtors or their Estates may have against any party.

29.    All rights and defenses of Trustee and the Debtors' Estates and the Lease counterparties are preserved. In addition, nothing in the Motion or the proposed order shall limit the Trustee's or any Landlord's ability to subsequently assert that any particular Lease is (or was previously) terminated, expired or otherwise no longer an executory contract or unexpired lease.

30.    Based on the urgency of this matter, Trustee submits that ample casuse exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, and Trustee requests that the Court's order on this matter provide that Bankruptcy Rule 6004(h) not apply and that the order not be stayed.

**WHEREFORE**, the Trustee respectfully request that this Court enter an Order:   (i) granting this Motion and granting relief as described herein, and (ii) granting such other relief as is just and proper.

Respectfully submitted this 12th day of October, 2023

TAYLOR ENGLISH DUMA LLP
*Attorneys for Trustee*

By: */s/ Jason L. Pettie*
Jason L. Pettie
   Georgia Bar No. 574783
1600 Parkwood Circle, SE
Suite 2100
Atlanta, Georgia 30339
Telephone: 770-434-6868
Email: jpettie@taylorenglish.com

{02662909-1 }

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| **TIP TOP TUX, LLC**, *et al.* | ) | CASE NO. **23-57716-JRS** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER GRANTING OMNIBUS MOTION
OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER
(I) AUTHORIZING (A) THE REJECTION OF CERTAIN UNEXPIRED LEASES *NUNC
PRO TUNC* TO THE DATE OF THE REJECTION MOTION AND (B) THE
ABANDONMENT OF ANY REMAINING PROPERTY AT THE REJECTED
LOCATIONS, AND (II) GRANTING RELATED RELIEF**

This matter came before the Court on the *Omnibus Motion of the Chapter 7 Trustee for
Entry of an Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases Nunc Pro Tunc to
the Date of the Rejection Motion and (B) the Abandonment of any Remaining Property at the
Rejected Locations, and (II) Granting Related Relief* (the "**Motion**")[1] filed by Jason L. Pettie, as
Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of Tip Top Tux, LLC, Heights, Inc.,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

Tuxedo Holdings, Inc., Tuxedo Holdings MIN, Inc., Suit Up, Inc., Xedo, Inc., and Tuxdo Holdings

CLE, Inc. (collectively, the "**Debtors**").  The Court having reviewed the Motion and it appearing

that sufficient notice of the Motion has been given; and it appearing that the relief requested by the

Motion is necessary and appropriate and in the best interests of the Debtors' estates and their

creditors; and good cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein. It is further

ORDERED that, pursuant to Bankruptcy Code sections 365(a) and 105(a), Trustee is

authorized to reject the Rejected Leases identified in Exhibit B of the Motion *nunc pro tunc* to the

Motion Date (the "**Rejection Date**"). It is further

ORDERED that, the Motion shall have served as written notice that the Trustee, the

Debtors and their Estates have (i) unequivocally relinquished possession and control of the

Rejected Locations and (ii) returned the same to the Landlords of the applicable premises (the

"**Premises**") free and clear of any liens, claims, encumbrances, and interests or property of any

other parties, with all property either removed or abandoned as of the Rejection Date, and without

any ability of the Debtors or the Trustee to re-enter the Premises as of the Rejection Date. It is

further

ORDERED that, as of the Rejection Date, the Landlords are authorized to take immediate

possession and control of the Rejected Locations, including changing or re-keying the Premises

where appropriate, to protect and secure the Rejected Locations, dress the windows, and otherwise

minimize the appearance of a dark Rejected Location. It is further

ORDERED that, as of the Rejection Date, any Remaining Property on the Premises shall

be deemed abandoned by the Debtors and the Estates under sections 105, 554, and/or section 363

of the Bankruptcy Code, and Landlords with respect to each of their Rejected Locations are

authorized to use or dispose of any such abandoned property without any further notice or liability to the Debtors, their Estates, and any third party.  To the extent applicable, the automatic stay is hereby modified to permit such use or disposition of personal property.  It is further

ORDERED that notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtors', Trustee's, Estates' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a waiver of any claims the Debtors or their estates may have against the Landlords. It is further

ORDERED that all rights and defenses of the Debtors and the counterparties to the Rejected Leases are preserved, including all rights and defenses of the Trustee and the Estates with respect to a claim for damages arising as a result of a rejection of any of the Rejected Leases, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Trustee's or any Landlord's ability to subsequently assert that any particular Rejected Lease is (or was previously) terminated, expired or otherwise no longer an executory contract or unexpired lease. It is further

ORDERED that, notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice. It is further

{02663090-1 }

ORDERED that, to the extent that Bankruptcy Rule 6004(h) is applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. It is further

ORDERED that Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

[END OF ORDER]

Prepare and presented by:

**TAYLOR ENGLISH DUMA, LLP**

By: */s/ Jason L. Pettie*_____
   Jason L. Pettie
   Georgia Bar No. 574783
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Tele: (678) 336-7226
Email: jpettie@taylorenglish.com
*Attorneys for Trustee*

Exhibit B

| | Landlord | Retail Location |
|---|---|---|
| 1 | 168TH AND DODGE LP<br>PO BOX 92277<br>LAS VEGAS, NV, 89193-2277 | Village Pointe Shopping Center<br>17151 Davenport St,<br>Omaha, NE 68118 |
| 2 | ALLIED DEVELOPMENT OF PARMA LLC<br>PO BOX 220439<br>GREAT NECK, NY, 11022 | Shoppes at Parma<br>8253 W. Ridgewood Dr.<br>Parma OH 44129 |
| 3 | ALMEDA MALL CAPITAL HOLDING, LLC<br>1010 NORTH BLVD STE 212<br>GREAT NECK, NY, 11021 | Almeda Mall<br>12200 GULF HWY<br>HOUSTON TX 77034 |
| 4 | ALTERMAN TOWN CENTER LLC<br>SHOPPING CENTER GROUP<br>300 GALLERIA PKWY FLOOR 12<br>ATLANTA, GA, 30339 | Town Center Mall Shops<br>390 Ernest Barrett Pky,<br>Kennesaw, GA 3014 |
| 5 | ARBOR PLACE II LLC<br>CBL & ASSOCIATES LP<br>PO BOX 5543<br>CAROL STREAM, IL, 60197-5543 | Arbor Place Mall<br>6700 Douglas Blvd,<br>Douglasville, GA 3013 |
| 6 | Baldwin Park Plaza, LLc<br>8235 Douglas Ave<br>Dallas, TX, 75225 | Vista grove Shopping Center<br>2403 S. Stemmons Freeway<br>Lewisville, TX 75067 |
| 7 | BELDEN MALL LLC<br>C/O General Manager<br>4230 Belden Village Mall<br>Canton, OH, 44718 | Belden Village Mall<br>4230 Belden Village Mall Circle<br>Canton, OH 44718 |
| 8 | BK NORTH PARK PLAZA LTD<br>3700 BUFFALO SPEEDWAY<br>SUITE 400<br>HOUSTON, TX, 77098 | North Park Plaza<br>Beaumont, TX |
| 9 | BLEX EXCHANGE II LP<br>DEPT # 5210<br>PO BOX 200346<br>DALLAS, TX, 75320-0346 | The Shops at Memorial City<br>12345 Kingsride Lane<br>Houston, Texas |
| 10 | CBRE GLOBAL INVESTORS, LLC<br>NPMC RETAIL, LLC<br>PO BOX 101958<br>PASADENA, CA, 91189-1958 | North Point Market Center<br>6410 North Point Pkwy<br>Alpharetta, GA 30022 |
| 11 | CP VENTURE FIVE AWC LLC<br>PRLHC AWC 184713<br>PO BOX 978642<br>DALLAS, TX, 75397-8642 | The Avenue West Cobb<br>Shopping Center space 680<br>Marietta GA |
| 12 | CPT ARLINGTON HIGHLANDS 1 LP<br>PO BOX 206250<br>DALLAS, TX, 75320 | 137 Merchants Row<br>Suite 141<br>Arlington, TX 76018 |

| | | |
|---|---|---|
| 13 | CTO20 PREIMETER LLC<br>PO BOX 6076<br>HICKSVILLE, NY, 11802-6076 | Ashford Lane fka Perimeter Place<br>4500 Olde Perimeter Way<br>Atlanta, GA 30346 |
| 14 | CUMBERLAND FESTIVAL LLC<br>C/O COLLIERS INTERNTL MGMT-ATLANTA<br>1230 PEACHTREE ST NE STE 800<br>ATLANTA, GA, 30309 | Cumberland Festival<br>2980 Cobb Pkwy,<br>Atlanta, GA 30339 |
| 15 | DIRECT PROPERTIES LLC<br>101 S. REID ST<br>SUITE 201<br>SIOUX FALLS, SD, 57103 | River Plaza Shopping Center<br>2425 S Shirley Ave<br>Sioux Falls, SD 57106 |
| 16 | EASTWOOD MALL<br>PO BOX 7535<br>CAROL STREAM, IL, 60197-7535 | Eastwood Mall<br>Unite No. 910<br>Niles Ohio |
| 17 | ELKETTANI, TAIB<br>5912 BENZ DRIVE<br>ZEPHERHILLS, FL, 33540 | Stonecrest Mall<br>7300 Stonecrest Concourse,<br>Lithonia, GA 30038 |
| 18 | FINDLAY MALL CAPITAL HOLDING LLC<br>1010 NORTHERN BLVD<br>SUITE #212<br>GREAT NECK, NY, 11021 | Findlay Mall<br>1800 Tiffin Ave<br>Findlay, OH 45840 |
| 19 | FW TX - WOODWAY COLLECTION L.P.<br>REGENCY CENTERS<br>3200 KIRBY DRIVE #910<br>HOUSTON, TX, 77098 | 1317 S Voss Rd<br>Houston, TX 77057 |
| 20 | FW TX - WOODWAY COLLECTION L.P.<br>REGENCY CENTERS<br>3200 KIRBY DRIVE #910<br>HOUSTON, TX, 77098 | Weslayan Plaza West ,        Houston, TX. |
| 21 | GREENS OF LYNDHURST<br>3311 RICHMOND ROAD STE 200<br>BEECHWOOD, OH, 44122-4166 | Greens of Lyndhurst<br>Mayfield Rd<br>Lyndhurst, Ohio 44124 |
| 22 | HAMPTON, ROBERT E<br>305 WEST LOOP 281 #100<br>LONGVIEW, TX, 75605 | Tuttle Plaza Longview<br>303 West Loop 281<br>Longview, TX 75605 |
| 23 | HARPER/HUDDLESTON INC<br>4061 BROADWAY<br>SAN ANTONIO, TX, 78209 | North Star Mall<br>Northwest Loop 410<br>San Antonio, TX 78216 |
| 24 | HAWTHORNE OP LLC<br>4705 Central Street<br>Kansas City, MO, 64112 | Hawthorne Plaza<br>5063 W 119th St.<br>Overland Park, KS 66225 |
| 25 | HENDON GREENBRIAR MALL 2022 LLC<br>3445 PEACHTREE ROAD STE 465<br>ATLANTA, GA, 30326 | Greenbriar Mall<br>2841 Greenbriar Pkwy Sw<br>Atlanta, GA 30331 |

| | | |
|---|---|---|
| 26 | HPC Whispering Creek Investors<br>18321 Ventura Blvd, Ste 980<br>Tarzana, CA, 91356 | Whispering Creek Center<br>6302 N Navarro St<br>Victoria, TX 77904 |
| 27 | JANESVILLE MALL LP<br>ATTN: MALL MANAGEMENT<br>2500 MILTON AVE<br>JANESVILLE, WI, 53545 | Janesville Mall<br>2500 Milton Ave,<br>Janesville, WI 55345 |
| 28 | LA FRONTERA IMPROVEMENTS LLC<br>565 TAXTER ROAD STE 400<br>ELMSFORD, NY, 10523 | La Frontera Village<br>115 Sundance Parkway<br>Round Rock, TX 78681 |
| 29 | Lake Commons Center, LLC<br>4520 Madison Avenue, Suite 300<br>Kansas City, MO, 64111 | 5001 Sergeant Road<br>Sioux City, Iowa |
| 30 | LOCAL WESTGATE LLC<br>C/O EDIFIS GROUP<br>5301 KATY FREEWAY SUITE 200<br>HOUSTON, TX, 77007 | Westgate Center<br>19614 Katy Freeway,<br>Houston, TX 77094 |
| 31 | Lombardo Investments LLC<br>5480 Cloverleaf Pkwy, Ste 3<br>Cleveland, OH 44125-4804 | Cloverleaf Pkwy, #6<br>Valley View, OH |
| 32 | LUXOR LTD<br>PO BOX 2796<br>MCALLEN, TX, 78502 | Tiffany Plaza<br>1001 South 10th st<br>McAllen, TX 78501 |
| 33 | MADISON PORTOFINO PLACE LLC<br>3330 UNIVERSITY AVE<br>SUITE 206<br>MADISON, WI, 53705 | Portofino Place Shopping Center<br>Madison Wisconsin |
| 34 | MALL AT GREAT LAKES, LLC<br>Washington Prime Group LP<br>4900 East Dublin Granville Road<br>COLUMBUS, OH, 43215 | Mall at Great Lakes<br>7850 Mentor Ave,<br>Mentor, OH 44060 |
| 35 | MALL AT SUMMIT LLC<br>PO BOX 644271<br>PITTSBURGH, PA, 15264-4271 | Summit Mall<br>Market St.<br>Akron, Oh 44333 |
| 36 | MCM PROPERTIES LTD<br>4101 EAST 42ND STREET<br>ODESSA, TX, 79762 | Music City Mall Odessa<br>42nd St.<br>Odessa, TX 79762 |
| 37 | MONARCHS HOLDINGS, LLC<br>PO BOX 734271<br>DALLAS, TX, 75373-4271 | Zona Rosa<br>8673 NW Prairie View Rd,<br>Kansas City, MO 64153 |
| 38 | MT SAN ANTONIO I LLC<br>PO BOX 660394<br>DALLAS, TX, 75266 | Ingram Heights<br>5841 Northwest Loop 410,<br>San Antonio, TX 78238 |
| 39 | PFP COLUMBUS, LLC<br>1500 POLARIS PARKWAY<br>SUITE 3000<br>COLUMBUS, OH, 43240 | Polaris Fashion Place<br>1500 Polaris Pk<br>Columbus, OH 43240 |

| | | |
|---|---|---|
| 40 | PROMENADE SHOPS AT CENTERRA<br>PO BOX 715524<br>CINCINNATI, OH, 45271 | 6055 Sky Pond Dr.<br>Promendade Shops at Centerra<br>Loveland, Co, 80538 |
| 41 | RAINIER MOORE PLAZA ACQ LLC<br>13760 NOEL RD STE 1020<br>DALLAS, TX, 75240 | 5425 S. Padre Island Drive<br>Corpus Christi, TX |
| 42 | RED LEE'S SUMMIT EAST, LLC<br>PO BOX 92282<br>LAS VEGAS, NV, 89193-2282 | Summit Fair Shopping Center<br>880 NW Blue Pkwy,<br>Lee's Summit, MO 64086 |
| 43 | SAAB VENTURES, LLC<br>PO BOX 887<br>STAFFORD, TX, 77497 | 1100 Harvey Road<br>College Station, Texas 77840 |
| 44 | SHEPHERD INVESTORS, LP<br>1800 POST OAK BLVD STE 400<br>c/o Wulfe Management Services, Inc.<br>HOUSTON, TX, 77056 | 2621 S. Shepherd Dr<br>Houston, TX 77098 |
| 45 | Simon Properties (LENOX SQ)<br>PO BOX 772809<br>CHICAGO, IL, 60677-2809 | Lenox Square Mall<br>Peachtree Dr. Suite 2008A<br>Atlanta, GA 30326 |
| 46 | Simon Properties (Mall of GA)<br>PO BOX 772805<br>CHICAGO, IL, 60677 | Mall Of Georgia<br>Buford Dr.<br>Buford Ga 30519 |
| 47 | SOUTH RIDGE VILLAGE<br>8501 S 78th Street<br>Suite A<br>LINCOLN, NE, 68516 | South Ridge Village<br>2901 Pine Lake Rd<br>Lincoln, NE 68516 |
| 48 | SOUTHERN PARK MALL LLC<br>Washington Prime Group L.P<br>7401 MARKET ST Space 805<br>BOARDMAN, OH, 44502 | Southern Park Mall<br>7401 Market St.<br>Youngstown Oh 44512 |
| 49 | SOUTHLAKE EQUITIES, LLC<br>1975 HEMPSTEAD TURNPIKE<br>SUITE 309<br>EAST MEADOW, NY, 11554 | Southlake Pavilion<br>1990 Mount Zion Rd,<br>Morrow, GA 30260 |
| 50 | SPM Acquisiiton LLC<br>500 Southpark Cntr<br>Strongville, OH, 44136 | Southpark Center Mall<br>Strongville, OH |
| 51 | TAILWIND MANAGEMENT INC<br>530 S FRONT STREET<br>SUITE 100<br>MANKATO, MN, 56001 | 1861 Adams St.<br>Mankato, MN 56001 |
| 52 | TERVEEN MANUFACTURED HOMES, LLC<br>4800 CORPORATE DRIVE<br>WEST DES MOINES, IA, 50266 | Lakeport Commons<br>5001 Sergeant Rd.<br>Sioux City, IZ 51106 |

| | | |
|---|---|---|
| 53 | THE BRIERTON GROUP LLC<br>6125 LUTHER LANE #134<br>DALLAS, TX, 75225 | Oak Lawn<br>3400 Oak Lawn Ave,<br>Dallas, TX 75219 |
| 54 | THE COMMONS AT WILLOWBROOK<br>PO BOX 849020<br>DALLAS, TX, 75284 | Commons at Willowbrook<br>7608 Farm to Market<br>Houston, TX 77070 |
| 55 | THE CROSSING AT 288 PHASE2 LLC<br>PO BOX 660394<br>DALLAS, TX, 75266 | 10645 Broadway St<br>Suite 110<br>Pearland, TX 77584 |
| 56 | THE LUND COMPANY<br>450 REGENCY PARKWAY STE 200<br>OMAHA, NE, 68114 | Clocktower Village<br>615 N 98th St,<br>Omaha, NE 68114 |
| 57 | TM ALTO 5000 S HULEN LLC<br>PO BOX 734002<br>DALLAS, TX, 75373-4002 | Hulen Fashion Cntr<br>4811 Overton Ridge Blvd,<br>Fort Worth, TX 76132 |
| 58 | TORBORG BUILDERS<br>1500 OAK GROVE ROAD STE 100<br>ST CLOUD, MN, 56301 | Crossroads Cnter, 322 3rd St NE<br>Waite Park, MN 56387 |
| 59 | TPP 306 FIRST COLONY LLC<br>1800 POST OAK BLVD<br>6 BLVD PLACE #400<br>HOUSTON, TX, 77056 | 15521 Southwest Freeway,      Sugar Land, Texas |
| 60 | TRINITY SQUARE ACQUISITION, LLC<br>3900 PARK EAST DRIVE STE 200<br>C/O: BEK DEVELOPERS<br>BEACHWOOD, OH, 44122 | Trinity Square Shopping Center<br>Cuyahoga Falls, Oh |
| 61 | TX BAYBROOK SQUARE CENTER LP<br>PO BOX 850300<br>MINNEAPOLIS, MN, 55485-0300 | Baybrook Square<br>1201 West Bay Area Blvd<br>Webster, TX 77598 |
| 62 | UG2 SALON OH LP<br>ATTN: HEATHER MAHLOCH REM<br>950 MAIN AVE SUITE 200<br>CLEVELAND, OH, 44113 | Great Northern Mall<br>6025 Kruse Dr,<br>Solon, OH 44139 |
| 63 | Velasco Investments<br>803 HIDDEN WOODS DR<br>KELLER, TX, 76248 | 6000 Denton Hwy, Suite 200<br>Watauga, TX. 76148 |
| 64 | WOODLANDS MALL ASSOCIATES<br>PO BOX 86 SDS-12-3053<br>MINNEAPOLIS, MN, 55486 | Woodlands Mall<br>1201 Lake Woodlands Dr<br>Spring, TX 77380 |