UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| **TIP TOP TUX, LLC**, *et al.* | ) | CASE NO. **23-57716-JRS** |
| | ) | |
| _____Debtors._____ | ) | (Jointly Administered) |

**TRUSTEE'S SECOND MOTION TO SELL PERSONAL PROPERTY
(PROPERTY AT HOUSTON AND ANYA BRIDAL WAREHOUSES THROUGH AN
INTERNET AUCTION AND A 2018 BUICK THORUGH A DIRECT SALE)**

COMES NOW Jason L. Pettie, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of Tip Top Tux, LLC, Heights, Inc., Tuxedo Holdings, Inc., Tuxedo Holdings MIN, Inc., Suit Up, Inc., Xedo, Inc., and Tuxdo Holdings CLE, Inc. (collectively, the "**Debtors**"), and hereby moves this Court to approve the sale of certain personal.  In support of this motion (the "**Motion**"), the Trustee respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Determination of this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).  The statutory predicates for the actions contemplated herein are Sections 105 and 363(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure 2002 and 6004(a) and (c).

**BACKGROUND**

2.  On August 11, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code. 11 U.S.C. §§ 101-1330, *et seq.* (the "**Bankruptcy Code**")

{02667435-1 }

3. Debtor Tip Top Tux, LLC is the parent company which owns all of the other debtors in this case which is being jointly administered for procedural purposes pursuant to this Court's order entered on August 25, 2023.[1]

4. On August 14, 2023, Trustee was appointed to the Case as the interim Chapter 7 trustee pursuant to 11 U.S.C. § 701(a)(1).  A meeting of creditors was held telephonically and concluded on September 13, 2023, in accordance with § 341(a) of the Bankruptcy Code, after which time, Trustee became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d).

5. Prior to the Petition Date, the Debtors operated bridal and formalwear businesses, selling and renting formalwear and accessories (collectively "**Inventory**") through multiple retail store locations.

6. The Debtors' business operations spanned over 60 retail stores in multiple jurisdictions that were supported by certain warehouse locations.

7. One of the warehouses with a significant amount of tuxedo rental inventory and equipment was located at 6122 South Loop East, Houston, Texas 77087 (the "**Houston Warehouse**").  The Debtors also operated a bridal warehouse under the name of Anya Bridal which was located at 1500 Southland Circle NW, Atlanta, Georgia 30318 (the "**Anya Bridal Warehouse**")

8. The Court has entered an Order [Doc. No. 43] authorizing the employment of Bullseye Auction & Appraisal, LLC ("**Auctioneer**") as auctioneer for the Debtors' bankruptcy estates, and the Auctioneer is preparing to hold an online auction to sell substantially all of the Debtors' personal property located at the Houston Warehouse and the Anya Bridal Warehouse.

---

[1] Tip Top Tux, LLC, a Delaware limited liability company, owns debtor Suit Up, Inc., a Delaware corporation, and debtor Tuxedo Holdings, Inc, a Delaware corporation, which owns debtor Tuxedo Holdings MIN, Inc., a Delaware corporation, debtor Tuxedo Holdings CLE, Inc., a Delaware corporation, and Heights, Inc., a Delaware corporation.

{02667435-1 }

The auction would include the sale of inventory, equipment and vehicles, and Auctioneer began advertising to potential bidders shortly after entry of the Order approving its employment.

9. Auctioneer proposes conducting two separate auctions (collectively referred to as the "**Auctions**").  The first auction of items at the Houston Warehouse would provide for a public inspection on November 7, 2023 and provides for a rolling conclusion to bidding with a bid deadline of November 8, 2023 at 10:00am.  The second auction is a bulk offering for items located at the Anya Bridal Warehouse, featuring women's gowns and wedding dresses.  This bridal auction would provide for a public inspection on November 8, 2023 and provides for a rolling conclusion to bidding with a bid deadline of November 9, 2023 at 11:00am.  All bid procedures and payment information for the Auctions are available on Auctioneer's website. [2]

10. In addition to the Auctions, Trustee seeks to sell a vehicle that is currently in the position of one of the Debtors' former employees, Tom Mullin ("**Mr. Mullin**").  The Debtors' allowed Mr. Mulllin to use a 2018 Buick Regal TourX [VIN W04GV8SX1J1135082] (the "Buick Regal") as part of his work for the Debtors.  Mr. Mullin has offered to purchase the Buick Regal for $18,500.00

## RELIEF REQUESTED

**Houston Warehouse and Anya Bridal Auctions**

11. By this motion, pursuant to sections 363(b) of the Bankruptcy Code, Trustee seeks this Court's authorization and approval to sell all personal property located at the Houston Warehouse and the Anya Bridal Warehouse through an online auction "as is," "where is," "with all faults" and without representation or warranty, express or implied.

---

[2] The online auction will be held on Auctioneer's website through the following link: https://www.bullseyeauctions.com

{02667435-1 }

12. PMOF Special Situations Private Credit Fund LLC ("**PMOF**"), as Agent for PMOF and Industrial Lending 1 SA (collectively, the "**Secured Lenders**") appears to hold a properly-perfected first priority lien on all of the Debtors' personal property, other than the Debtors' vehicles, as evidenced by that certain UCC Financing Statement recorded August 7, 2019 with the Delaware Department of State (as the Debtors are incorporated in the State of Delaware). The Secured Lenders are owed a balance in excess of $79,000,000.00 according to the Sworn Schedules, *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 56, pages 56 of 706]. Trustee does not anticipate that the Auctions will bring enough to pay off this lien; however, Trustee has remained in contact with counsel for the Secured Lenders since the Petition Date, and the Secured Lenders do not oppose the Auctions.

13. Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under Section 363(b) free and clear of any interest in such property if, among other things: (i) the price at which the property is to be sold is greater than the aggregate of the liens on such property; (ii) the interests are subject to a bona fide dispute; (iii) the entities asserting liens on the property consent to its sale; or (iv) the entities asserting liens on the Property could be compelled in a legal or equitable proceeding to accept a money satisfaction of their interests. 11 U.S.C. § 363(f) (2015). Specifically, that code section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.*

14. The proposed sale of the Property is one not in the ordinary course of business, as provided by 11 U.S.C. §363(b). Any lien to the extent valid, perfected, enforceable and unavoidable will attach to the proceeds of the sale as provided by 11 U.S.C. § 363(f).

15. The bankruptcy code sets forth five different grounds for selling property free and clear, two of which are clearly applicable in the Bankruptcy Case. The Trustee submits that this proposed sale satisfies 11 U.S.C. §§ 363(f)(1) and (2), because, given the many various pieces of collateral, the only efficient way to pay lienholders' claims is to liquidate the collateral and disburse funds to creditors according to their respective priority.

16. Trustee submits that the proposed sale is in best interest of the estate, because further efforts to market the Property do not appear likely to generate any substantial net gain, and any further delay invites continuing deterioration of the assets to the detriment of all creditors and parties in interest.

17. Trustee moves for authority to have all gross sale proceeds paid to him at closing, and Trustee requests authorization to pay Auctioneer a twenty percent (20%) commission on the gross sales price of the Inventory at the Houston Warehouse and the Anya Bridal Warehouse. The Auctions are being conducted with no buyer's premium.

18. Once the Auctions are concluded, Trustee will file a motion to pay the landlords of the Houston Warehouse and the Anya Bridal Warehouse an allowed administrative expense claim for post-petition rent, which shall be pro-rated through the date on which the estate turns over possession to the landlords. Upon Trustee formally notifying the landlords that all of the Inventory at the Houston Warehouse and the Anya Bridal Warehouse has been removed, any remaining personal property located at Houston Warehouse and the Anya Bridal Warehouse shall be deemed abandoned. Both the amounts paid to the Auctioneer and the Houston

Warehouse and the Anya Bridal Warehouse landlords shall be paid from the Secured Lender's proceeds as an actual and necessary expense of preserving and disposing of the Inventory at the Houston Warehouse and the Anya Bridal Warehouse pursuant to §506(c) of the Bankruptcy Code.

**Direct Sale of Buick Regal**

19. Trustee also seeks authorization and approval to sell the Buick Regal to Mr. Mullin "as is," "where is," "with all faults" and without representation or warranty, express or implied. Trustee's Auctioneer has evaluated the Buick Regal's value, and has determined that further efforts to market the vehicle would not result any significant increase in value for the estate, especially after considering the costs of recovering the vehicle from Mr. Mullin's residence and other cost anticipated with preparing the vehicle for auction.

20. The Buick Regal is subject to a lien in favor of Ally Financial, which is recorded on the vehicle's title certificate and has a balance of $6,492.94 as of the date of this Motion. Trustee requests authorization and approval to pay off this lien with the proceeds from the sale of the Buick Regal.

21. Based on the urgency of closing this proposed sale, the parties request that the Court's order on this matter provide that Interim Bankruptcy Rule 6004(h) not apply and that the order not be stayed.

**WHEREFORE**, the Debtor and the Trustee respectfully request that this Court enter an Order: (i) approving the proposed Section 363 sale of personal property as described herein, and (ii) granting such other relief as is just and proper.

Respectfully submitted this 18th day of October, 2023

TAYLOR ENGLISH DUMA LLP

{02667435-1 }

By: */s/ Jason L. Pettie*
    Jason L. Pettie
    Georgia Bar No. 574783
1600 Parkwood Circle, SE
Suite 2100
Atlanta, Georgia 30339
Telephone: 770-434-6868
Email: jpettie@taylorenglish.com
*Attorneys for Trustee*

{02667435-1 }

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, do hereby certify that I have served a copy of the foregoing pleading by mailing a copy thereof, via first class U.S. Mail in a properly addressed envelope with sufficient postage affixed, to the parties listed below:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Served via email:

William A. Rountree, Esq.
Rountree Leitman Klein & Geer, LLC
wrountree@rlkglaw.com

Will Geer, Esq.
Rountree Leitman Klein & Geer, LLC
wgeer@rlkglaw.com

Gary W. Marsh, Esq.
Troutman Pepper Hamilton Sanders LLP
Gary.marsh@troutman.com

Pierce E. Rigney, Esq.
Troutman Pepper Hamilton Sanders LLP
Pierce.rigney@troutman.com

                                      */s/ Jason L. Pettie*
                                      Jason L. Pettie

{02667435-1 }