UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| **TIP TOP TUX, LLC**, *et al.* | ) | CASE NO. **23-57716-JRS** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**APPLICATION TO EMPLOY PROFESSIONAL**

COMES NOW Jason L. Pettie, as Chapter 7 Trustee ("**Applicant**" or "**Trustee**") for the for the bankruptcy estates (the "**Estates**") of Tip Top Tux, LLC, Heights, Inc., Tuxedo Holdings, Inc., Tuxedo Holdings MIN, Inc., Suit Up, Inc., Xedo, Inc., and Tuxedo Holdings CLE, Inc. (collectively, the "**Debtors**"), and hereby moves this Court for an Order, pursuant to 11 U.S.C. § 327(a), employing a professional to recover funds due from certain class action settlements related to credit card processing fees, and respectfully shows the Court the following:

1. Applicant is the duly qualified and acting Trustee in this case.

2. Applicant wishes to employ the firm of Manor Ventures, LLC ("**MV**") as Applicant's professional to recover funds from several class action settlements related to creditor card processing fees that the Debtors paid during the operation of their business.

3. Applicant shows MV is well qualified to perform the work required in this case and is experienced in the matters for which professional services are required.

4. The professional services which MV is to render include:

    (a) Reviewing Claimant's records to determine which settlements Claimant may be eligible to recover from;

    (b) Preparing and filing claims in each class action settlement;

    (c) Monitoring the progress of filed claims and updating Trustee regarding such

progress;

(d) Such other work as may be indicated by the Applicant's analysis of the Debtor and the Estates.

5. To the best of the Applicant's knowledge and belief, MV has no equity interest in and no connection with the Debtors, their creditors, or any other party in interest, or their attorneys and accountants. The affidavit of MV is attached hereto as Exhibit "A" along with a copy of MV's service agreement and made a part hereof by reference.

6. Applicant shows that MV has agreed to perform services for a commission in the amount of twenty percent (20%) of the gross recover from claims, plus reimbursement of expenses.

WHEREFORE, Applicant prays that he is authorized to employ MV to perform the professional services required in connection with this case and on the terms stated.

Respectfully submitted,

TAYLOR ENGLISH DUMA LLP
*Attorneys for Trustee*

By: /s/ *Jason L. Pettie*
    Jason L. Pettie
    State Bar No. 574783

1600 Parkwood Circle, SE
Suite 200
Atlanta, Georgia 30339
Tele: (770) 434-6868
Email: jpettie@taylorenglish.com

{02709311-1 }

Exhibit "A"

| STATE OF GEORGIA<br>COUNTY OF FULTON | | In Re: **TIP TOP TUX, LLC, et al.**<br><br>Chapter 7 Case No. **23-57716-JRS** |
|---|---|---|

## VERIFIED STATEMENT UNDER RULE 2014

Personally appeared before the undersigned officer duly authorized by law to administer oaths, LOUIS TEPLIS of MANOR VENTURES, LLC, who after being duly sworn, on oath deposes and says:

1) I am a member of Manor Ventures, LLC (the "**Firm**"), which provides class action claims monitoring and recovery services, having offices at 2870 Peachtree Road, Suite 261, Atlanta, Georgia. My email address is louis.teplis@manorcap.com, and my phone number is 404-217-5496.

2) I have agreed to accept compensation at my regular contingency fee rate of twenty percent (20%), of the gross recovery, and I understand that all fees and expenses are subject to approval by the bankruptcy court upon the trustee filing a motion.

3) To the best of my knowledge:

    (a) I am and every person in my Firm is a "disinterested person" as that term is defined by 11 U.S.C. § 101(14) with regard to the debtors in these bankruptcy cases:

    (b) Neither I nor any member of my Firm:

        i. Holds or represents an interest adverse to the bankruptcy estate of Debtor or Debtor;

        ii. Has had any business, professional or other connections up to the date of this Affidavit with the Debtor(s), its creditors, or any other party in interest of which I am aware, and their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee within the purview of Rule 2014 of the Federal Rules of Bankruptcy Procedures and 11 U.S.C. § 327. Disclosure is made, however, that my Firm and I have previously provided services to other other bankruptcy trustees in unrelated matters; or

        iii. Is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

FURTHER AFFIANT SAYETH NAUGHT.

MANOR VENTURES, LLC

By _____
LOUIS TEPLIS

Sworn to and subscribed before me this
_22_ day of _Nov_ 2023

_____
Notary Public
My Commission Expires: _Nov 13 2026_

12249253v1

## MANOR VENTURES SERVICE AGREEMENT

THIS SERVICES AGREEMENT (the "*Agreement*") is effective as of the date both parties have signed this Agreement below (the "*Effective Date*"), by and between **MANOR VENTURES, LLC**, a Georgia limited liability company with offices at 2870 Peachtree Road, Suite 261, Atlanta, Georgia 30305 ("*MV*"), and **Tip Top Tux, LLC (dba Savvi Formalwear, dba Dapper & Dashing, dba Anya Bridal, dba Nedrobo's, dba Dream Dress); Heights, Inc.; Tuxedo Holdings, Inc.; Tuxedo Holdings MIN, Inc.; Suit Up, Inc.; Xedo, Inc.; and Tuxedo Holdings CLE, Inc** c/o Jason L. Pettie, as Chapter 7 Trustee, Taylor English Duma as Bankruptcy Trustee, a company/individual with an address located at 1600 Parkwood Circle SE Suite 200 Atlanta, GA 30339 ("*Claimant*").

WHEREAS, MV, through itself and its strategic partners and contractors, provides capital recovery services to eligible claimants with respect to the class action settlements (each, a "*Settlement*"), including without limitation, Settlement claim monitoring, eligibility identification, data collection and preparation, execution of filing Settlement claims, and following up with the Settlement claims administrator to ensure a claimant's accurate recovery from each Settlement (collectively, the "*Services*");

WHEREAS, Claimant desires to engage MV to be its exclusive agent to provide the Services, including without limitation, to prepare and file any and all of Claimant's claims in the Settlements set forth on Exhibit A, which may be amended from time to time upon the mutual written consent of both parties;

WHEREAS, in exchange for MV providing the Services to Claimant as set forth herein, including without limitation, preparing and filing any and all of Claimant's claims in each Settlement, Claimant is willing to compensate MV, subject to and in accordance with the terms, covenants, conditions and limitations set forth in this Agreement; and

WHEREAS, MV is willing and able to provide the Services to Claimant in accordance with the covenants, conditions and limitations of this Agreement.

## AGREEMENT

In consideration of the foregoing recitals, the mutual covenants hereinafter provided, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto, intending to be legally bound and equitably bound, hereby agree as follows:

1. Claimant hereby represents and warrants the following to MV: (a) Claimant has the requisite power and authority to enter into and perform its obligations under this Agreement; (b) the execution, delivery and performance of this Agreement by Claimant has been duly authorized by all necessary corporate action on the part of Claimant; and (c) this Agreement has been duly and validly executed and delivered by Claimant and constitutes a valid and binding obligation of Claimant, enforceable against Claimant in accordance with its terms.

2. Claimant hereby engages MV to be its exclusive agent to, through itself and/or its affiliates, contractors, licensees, agents, employees, subcontractors and/or third parties engaged by MV, provide the Services, including without limitation, to prepare and file any and all of Claimant's claims in the Settlement.

3. Claimant hereby appoints MV as Claimant's exclusive agent, pursuant to the Letter of Agency executed concurrently with this Agreement, to, through itself and/or its affiliates, contractors, licensees, agents, employees, subcontractors and/or third parties engaged by MV, communicate with the Claims Administrator and other entities as necessary to complete a claim for claims on behalf of Claimant pursuant to the Settlement. MV's status is that of an independent contractor and not of an employee of Claimant. This is NOT a contract for legal services. MV is not a law firm and this Agreement does not

Manor Ventures Service Agreement
Page 2 of 7

provide for or contemplate in any way Claimant's legal representation by MV. MV will not provide, and Claimant may not rely upon MV for, legal advice or legal services of any kind.

4. Claimant hereby agrees to pay MV a fee ("**Commission**") of **twenty (20%)** of Claimant's total and gross final recovery due from any and all claims filed in each Settlement ("Gross Recovery"). The Commission due to MV, as a percentage of Claimants' Gross Recovery, shall remain constant and not be affected by any potential Securitization of the settlement funds, if applicable. Claimant's revocation of the Letter of Agency will not release Claimant of its obligations to pay any and all Commission owed to MV. MV's Commission, as defined in this paragraph 4, will be calculated after deducting MV provided Costs (detailed in paragraph 8 below) from the Gross Recovery.

5. At all times MV will abide by the following:
     (a) MV will use the documentation and information, whether written or oral, gathered from or on behalf of Claimant pursuant to this Agreement (collectively, "*Claim Information*") solely for the purpose of pursuing Claimant's recovery and rights under each Settlement.

     (b) MV will not use the Claim Information for any other purpose whatsoever;

     (c) MV will keep Claimant's Claim Information confidential and will not disseminate, sell, transfer, share, communicate, or make this Claim Information available to any party other than the Claims Administrator or other official party, and to them only for the purpose of securing Claimant's rights under each Settlement.

6. If a Settlement, or any portion thereof, is modified or changed in any way so as to substantially affect the intent of the parties under this Agreement, the parties hereby agree in good faith to modify this Agreement accordingly. Any modifications to this Agreement must be approved in writing by both parties.

7. Claimant hereby acknowledges and agrees that the claim filing process is a cooperative endeavor, and that MV may require Claimant's assistance to gather documentation, collect information, generate reports, and/or communicate with the Claims Administrator or others in order to pursue Claimant's rights under the Settlement. MV will inform Claimant when such assistance is needed, and Claimant will provide its reasonable assistance when so requested. Notwithstanding the foregoing, there is no obligation on the part of Claimant to provide any documentation or information in pursuit of a Settlement and MV may have to pursue each Settlement with information within its own means and possession.

8. MV shall be responsible for paying such normal costs and expenses as in MV'S judgment are necessary to fulfill its duties under paragraph 2 ("*Costs*"). Costs will include data collection fees imposed by third party data providers. MV shall be paid a portion of the Gross Recovery to reimburse it for any and all Costs. MV's Commission, as defined in paragraph 4, will be calculated after deducting MV provided Costs from the Gross Recovery. MV will communicate to Claimant, by email, any expense(s) individually over $500, or that will bring the aggregate expenses over $500. Upon Claimant approval, the expense will be considered reimbursable. Claimants' non-approval will deem the expense to be a non-reimbursable expense.

9. Claimant hereby acknowledges and agrees that if Claimant receives any total or partial payment(s) directly from the Claims Administrator, Claimant will notify MV of the date and amount of the payment from the Claims Administrator within ten (10) days. Claimant will, within thirty (30) days of receiving an invoice from MV, deliver (a) an amount equal to the Costs, and (b) a pro rata Commission payment to MV. This pro rata Commission payment will be calculated by multiplying the payment received by Claimant from the Claims Administrator (less the reimbursement amount equal to the Costs) by the Commission percentage set forth in paragraph 4. If at any time the Gross Recovery to Claimant is increased or reduced, any future pro rata Commission payments to MV shall be adjusted accordingly.

Manor Ventures Service Agreement
Page 3 of 7

Similarly, if pursuant to the Letter of Agency, MV receives any total or partial payment(s) on behalf of Claimant, MV shall pay Claimant it's pro rata recovery, net of (i) any and all Costs and (ii) MV's pro rata Commission, within thirty (30) days.

10. Claimant hereby acknowledges and agrees that MV will use reasonable efforts to pursue Claimant's rights under each Settlement. Claimant hereby further acknowledges and agrees that MV cannot guarantee any particular expected recovery or increase in recovery.

11. This Agreement shall be deemed to be a contract made under the laws of the State of Georgia, without reference to conflicts of laws principles. Subject to paragraph 12, (a) any proceeding arising out of or relating to this Agreement may be brought in the state or superior courts of Fulton County, Georgia, or federal courts sitting in the Northern District of Georgia, and (b) each of the parties irrevocably submits to the exclusive jurisdiction of each such court in any such proceeding, waives any objection it may now or hereafter have to venue or to convenience of forum, agrees that all claims in respect of the proceeding shall be heard and determined only in any such court and agrees not to bring any proceeding arising out of or relating to this Agreement in any other court. Each party also hereby waives any right to jury trial in connection with any action or litigation in any way arising out of or related to this Agreement.

12. Any dispute, controversy or claim arising out of or relating to this Agreement or the breach or termination hereof shall be submitted to JAMS/Endispute, or its successor ("*JAMS*"), for mediation and if the matter is not resolved through mediation, then it shall be submitted to JAMS for final and binding arbitration. Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement to arbitrate, shall be determined by arbitration with JAMS in Atlanta, Georgia before three (3) arbitrators. The arbitration shall be administered by JAMS pursuant to its Expedited Arbitration Rules and Procedures, or its equivalent. In addition to all other relief, the arbitrator shall have the power to award reasonable attorneys' fees and costs to the prevailing party. Judgment on the award may be entered in any court having jurisdiction. This clause shall not preclude the parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction in Georgia and no other jurisdiction.

13. The information contained in this Agreement constitutes trade secrets, confidential and proprietary information. As such, Claimant and MV hereby agree to keep this Agreement and its terms confidential and will take all necessary measures to ensure this confidentiality, except for Claimant filing a motion to obtain approval of this Agreement with the U.S. Bankruptcy Court for the Northern District of Georgia.

14. Claimant may not assign this Agreement or any rights hereunder, in whole or in part, except with MV's prior written consent.

15. Each party shall indemnify the other for any breach of this Agreement by the indemnifying party or its gross negligence or intentional misconduct.

16. This Agreement and the Revocable Letter of Agency attached hereto (which are made a part hereof by this reference) contain the entire agreement between the parties regarding the subject matter hereof. Except for any nondisclosure agreement entered into by the parties, any prior agreements, discussions or representations not expressly contained in this Agreement will be deemed to be replaced by the provisions hereof, and no party has relied on any such prior agreements, discussions or representations as an inducement to the execution hereof. This Agreement shall not be amended or modified except by a writing signed by duly authorized representatives of both parties.

17. No failure or delay by either party in exercising any right under this Agreement shall constitute a waiver of that right. Other than as expressly stated herein, the remedies provided herein are in addition to, and not exclusive of, any other remedies of a party at law or in equity.

Manor Ventures Service Agreement
Page 4 of 7

18. If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the provision shall be modified by the court and interpreted so as best to accomplish the objectives of the original provision to the fullest extent permitted by law, and the remaining provisions of this Agreement shall remain in effect.

19. Any notice, request, instruction or other document to be given hereunder by a party shall be in writing and shall be deemed to have been given, (a) when received if delivered by a party in person under signature receipt, (b) upon delivery, if delivered by a nationally known commercial courier service providing next day delivery service (such as Fed Ex, UPS or DHL), or (c) upon delivery, or refusal of delivery, if deposited in the U.S. mail, certified or registered mail, return receipt requested, postage prepaid.  Any such notice shall be addressed to each party at the applicable address set forth in the preamble of this Agreement or to such other address as a party may designate for itself by written notice given as provided in this Section.  Notices may be given on behalf of any party by such party's legal counsel.

20. Claimant has been advised to seek its own independent counsel concerning the interpretation and legal effect of this Agreement and Claimant has either obtained such counsel or has intentionally refrained from doing so and has knowingly and voluntarily waived such right.

21. This Agreement shall become effective upon delivery to each party of original, photocopied, or electronically transmitted (whether by facsimile, or by email in .TIFF, .PDF or .JPG formats) signature pages that together (but need not individually) bear the signatures of all other parties.

22. Claimant has been advised, and hereby acknowledge and agrees, that: (a) MV's fee is a percentage of Claimant's financial recovery and that the exact fee percentage is clearly stated in the Services Agreement; (b) Claimant is not required to engage a third-party claims specialist such as MV to participate in the Settlement and the possible monetary relief afforded thereby; (c) Claimant is entitled to file its claim on its own without incurring any fee; (d) during the claims-filing period with respect to the Settlement, no-cost assistance from the Class Administrator and Class Counsel is available to Claimant.

IN WITNESS WHEREOF, the parties have executed this Services Agreement effective as of the Effective Date set forth above.

MV:

**MANOR VENTURES, LLC**

SIGNATURE: *Louis Teplis*
Date: 01/04/24
Name: Louis Teplis
Title: Managing Partner

Claimant:

**TIP TOP TUX, LLC et al**

SIGNATURE: _____
Date: 01/04/24
Name: Jason Pettie, as, and only as, Trustee for the bankruptcy estates of Tip Top Tux, LLC, Heights, Inc., Tuxedo Holdings, Inc., Tuxedo Holdings MIN, Inc., Suit Up, Inc., Xedo, Inc., and Tuxdo Holdings CLE, Inc.

For more information, or to contact the class administrator or class counsel at no-cost regarding all settlements, visit the official settlement websites, which will be provided by MV upon request.  MV is not a law firm and does not give legal advice.  MV is not associated with the class administrator, the court, class counsel or other official parties associated with the Settlements. For The Payment Card Settlement Only: Claim forms will begin to be delivered and available online in December. No-cost assistance is available from the Class Administrator and Class Counsel during the claims-filing period. No one is required to sign

## CERTIFICATE OF SERVICE

This is to certify that I have mailed a copy of the foregoing **APPLICATION TO EMPLOY PROFESSIONAL** by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure
delivery to the parties listed on the following page:

This 4th day of January, 2024.


By: /s/ Jason L. Pettie
     Jason L. Pettie
     State Bar No. 574783

{02709311-1 }

Office of the U.S. Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA  30303

William A. Rountree
Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329

Tip Top Tux, LLC
500 Floyd Boulevard
Sioux City, IA 51101

Heights, Inc.
140 James Aldridge Blvd
Atlanta, GA 30336

Tuxedo Holdings CLE, Inc.
500 Floyd Blvd.
Sioux City, IA 51101

Tuxedo Holdings MIN, Inc.
500 Floyd Blvd.
Sioux City, IA 51101

Tuxedo Holdings, Inc.
500 Floyd Blvd.
Sioux City, IA 51101

Xedo, Inc.
500 Floyd Blvd.
Sioux City, IA 51101

Suit Up, Inc.
500 Floyd Blvd.
Sioux City, IA 51101

{02709311-1 }